Jan 4, 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## 11-20005-CR-GOLD/MCALILEY
CASE NO._____

18 U.S.C. § 371
18 U.S.C. § 1591(a)(1) and (b)(1)
18 U.S.C. § 2421
18 U.S.C. § 981(a)(1)(c)
18 U.S.C. § 1594(d)
21 U.S.C. § 853

UNITED STATES OF AMERICA

vs.

JORGE VELASQUEZ,
ISRAEL CORTES-MORALES,
ERNESTO CORTES-CASTRO, and
ALBERTO CORTES-CASTRO,

    **Defendants,**
_____/

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this criminal Indictment:

1. Defendants **JORGE VELASQUEZ (VELASQUEZ), ISRAEL CORTES-MORALES (CORTES-MORALES), ERNESTO CORTES-CASTRO,** and **ALBERTO CORTES-CASTRO** are Mexican nationals.

2. Defendants **ERNESTO CORTES-CASTRO** and **ALBERTO CORTES-CASTRO** are brothers.

3. Defendant **CORTES-MORALES** is the cousin of Defendants **ERNESTO CORTES-CASTRO** and **ALBERTO CORTES-CASTRO**.

4. Victim 1 and Victim 2 are Mexican nationals.

## COUNT 1

5. Paragraphs 1 through 4 of the general allegations of this Indictment are realleged and incorporated by reference as though fully set forth herein.

6. From in or around 1999, and continuing through on or about December 6, 2010, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JORGE VELASQUEZ,
ISRAEL CORTES-MORALES,
ERNESTO CORTES-CASTRO, and
ALBERTO CORTES-CASTRO,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to commit certain offenses against the United States, specifically:

(1) to knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, and obtain by any means a person, knowing that force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(c)(2), would be used to cause such person to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1); and

(2) to knowingly transport an individual in interstate and foreign commerce, with intent that such individual engage in prostitution, or in any sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2421.

## OBJECT OF THE CONSPIRACY

7. The object of the conspiracy was for the defendants to unjustly enrich themselves and profit by transporting undocumented Mexican women ("the victims") into and throughout the United States for the purpose of prostitution.

## MANNER AND MEANS OF THE CONSPIRACY

8. The manner and means by which the defendants and their co-conspirators, both known and unknown to the Grand Jury, sought to accomplish the purpose of the conspiracy included, among other things, the following:

9. The defendants and their co-conspirators established control over the victims in Mexico through different means, including marrying and kidnaping the women.

10. After establishing control over them, the defendants and their co-conspirators illegally smuggled the victims from Mexico to the United States.

11. The defendants and their co-conspirators transported the victims across state lines, to locations where they would prostitute the victims, mostly to migrant farm workers.

12. The defendants and their co-conspirators operated within a seasonal circuit. The warmer months in the northeastern United States, including New York state, brought the migrant farm workers there to harvest crops. The defendants and their co-conspirators transported the victims across state lines to that area and used force, fraud, and coercion to cause the victims to engage in commercial sex acts with the migrant farm workers and other clients.

13. As the seasons changed and the migrant farm workers moved south, including Miami, Florida, the defendants and their co-conspirators followed, transporting their victims across state

lines and using force, fraud, and coercion to cause their victims to engage in commercial sex acts with the migrant farm workers and other clients in places such as Miami, Florida.

14. The defendants and their co-conspirators used a variety of coercive tactics, including beating the victims, depriving at least one of the victims of food and water, threatening them, and holding their children hostage to ensure their cooperation.

15. The defendants and their co-conspirators profited from and controlled the proceeds of this commercial sexual activity.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish the object thereof, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

16. In 1999, **CORTES-MORALES** smuggled Victim 1 across the United States-Mexico border, into Arizona.

17. In 1999, **CORTES-MORALES** transported Victim 1 across state lines, from Arizona to Queens, New York.

18. From 1999 through 2000, **CORTES-MORALES** forced Victim 1 to live in a dwelling in Queens, New York with himself, **ERNESTO CORTES-CASTRO, ALBERTO CORTES-CASTRO,** and other female victims.

19. While living and working in Queens, New York, **CORTES-MORALES, ERNESTO CORTES-CASTRO,** and **ALBERTO CORTES-CASTRO** closely monitored Victim 1 and the other female victims, restricted the victims' freedom, and did not allow them to leave the dwelling on their own.

20. While living and working in Queens, New York, **CORTES-MORALES, ERNESTO CORTES-CASTRO,** and **ALBERTO CORTES-CASTRO ERNESTO** forbade the victims from speaking with each other.

21. From 1999 through 2000, in Queens, New York, **CORTES-MORALES** beat Victim 1.

22. From 1999 through 2000, in Queens, New York, **ERNESTO CORTES-CASTRO** and **ALBERTO CORTES-CASTRO** beat the other female victims who lived with them.

23. From 1999 through 2000, while living and working in Queens, New York, defendant **CORTES-MORALES** transported Victim 1 to locations where he caused her to engage in sex acts with men in exchange for money.

24. **CORTES-MORALES** collected and controlled the proceeds of Victim 1's prostitution activity.

25. From 1999 through 2000, in Queens, New York, **CORTES-MORALES, ERNESTO CORTES-CASTRO,** and **ALBERTO CORTES-CASTRO** discussed business strategy relating to the smuggling and prostitution of undocumented Mexican women in the United States.

26. In 2006, in Miami, Florida, **VELASQUEZ, CORTES-MORALES,** and **ERNESTO CORTES-CASTRO** discussed business strategy relating to the smuggling and prostitution of undocumented Mexican women in the United States, including in Miami, Florida.

27. In 2006, **VELASQUEZ** smuggled Victim 2 across the United States-Mexico border, into the southwestern United States.

28. In 2006, **VELASQUEZ** transported Victim 2 across state lines from the southwestern United States to Queens, New York.

29. In 2006, **VELASQUEZ** beat Victim 2 and caused her to engage in commercial sex acts with clients in Queens, New York.

30. **VELASQUEZ** collected and controlled the money from Victim 2's prostitution activity.

31. In November 2006, **VELASQUEZ** transported Victim 2 across state lines from New York to Miami, Florida.

32. In November 2006, an unknown co-conspirator picked Victim 2 up at the airport and drove her to a location in Miami, Florida.

33. From that location in Miami, Florida, in November 2006, another unknown co-conspirator picked up Victim 2 and transported her to a different location in Miami, Florida, where she was caused to engage in commercial sex acts with clients.

34. In 2007, **VELASQUEZ** took control of Victim 2's son in Mexico.

35. In November 2007, **CORTES-MORALES** contacted Victim 2 by telephone.

36. In November 2007, **CORTES-MORALES** drove Victim 2 to a farm in Homestead, Florida.

37. **CORTES-MORALES** placed Victim 2 inside a room, where he caused her to engage in commercial sex acts with clients.

38. In the Spring of 2008, **ERNESTO CORTES-CASTRO** and **ALBERTO CORTES-CASTRO** contacted Victim 2 by telephone.

39. In the Spring of 2008, **ERNESTO CORTES-CASTRO** and **ALBERTO CORTES-CASTRO** drove Victim 2 to a house in Miami-Dade County.

40. **ERNESTO CORTES-CASTRO** and **ALBERTO CORTES-CASTRO** placed

Victim 2 inside a room, where they caused her to engage in commercial sex acts with clients.

41.     On or about December 6, 2010, **CORTES-MORALES, ERNESTO CORTES-CASTRO,** and **ALBERTO CORTES-CASTRO** maintained in their possession approximately 1,000 wrapped condoms, vaginal creams and lubricants, ledgers cataloguing prostitution dates and earnings, and $8,000.00 in cash, in a residence in Kissimmee, Florida.

All in violation of Title 18, United States Code, Section 371.

## Count 2

Beginning in or around November 2006, and continuing through in or about July 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JORGE VELASQUEZ,**

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, and obtain by any means a person, that is, Victim 2, knowing that force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(c)(2), would be used to cause such person to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(1), and 2.

## Count 3

In or around November 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ISRAEL CORTES-MORALES,**

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, and obtain by any means a person, that is, Victim 2, knowing that force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(c)(2), would be used to cause such person

to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(1), and 2.

### Count 4

In or around the Spring of 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ERNESTO CORTES-CASTRO and
ALBERTO CORTES-CASTRO,**

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, and obtain by any means a person, that is, Victim 2, knowing that force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(c)(2), would be used to cause such person to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(1), and 2.

### Count 5

In or around November 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JORGE VELASQUEZ,**

did knowingly transport an individual, that is, Victim 2, in interstate and foreign commerce, from New York to Florida, with intent that such individual engage in prostitution and in any sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Sections 2421 and 2.

## CRIMINAL FORFEITURE ALLEGATIONS

1.  The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest, pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(c) and (F); Title 18, United States Code, Section 924(d)(1), as incorporated by Title 28, United States Code Section 2461(c); and the procedures outlined at Title 21 United States Code, Section 853.

2.  Upon conviction of any of any of the violations alleged in Counts 2 through 4 of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(d), (1) any property, real or personal, used or intended to be used to commit or to facilitate the commission of any such violation, and (2) any property, real or personal, which constitutes or is derived from proceeds traceable to any such violation.

All pursuant to Title 28, United States Code, Section 2461(c), Title 18, United States Code, Section 981(a)(1)(c) and (F), Title 18, United States Code, Section 924(d)(1), and Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
MARLENE RODRIGUEZ
ASSISTANT UNITED STATES ATTORNEY

_____
ROY K. ALTMAN
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| JORGE VELASQUEZ, ISRAEL CORTES-MORALES, ERNESTO CORTES-CASTRO, and ALBERTO CORTES-CASTRO, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| Defendants._____/ | Superseding Case Information: |

**Court Division**: (Select One)

_X_ Miami   ___ Key West
___ FTL     ___ WPB        ___ FTP

New Defendant(s)          Yes ___     No ___
Number of New Defendants  ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   **Yes**
   List language and/or dialect

4. This case will take   **8**   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | |
   |---|---|---|
   | I   | 0 to 5 days    | ___ |
   | II  | 6 to 10 days   | _X_ |
   | III | 11 to 20 days  | ___ |
   | IV  | 21 to 60 days  | ___ |
   | V   | 61 days and over | ___ |

   (Check only one)

   | | |
   |---|---|
   | Petty   | ___ |
   | Minor   | ___ |
   | Misdem. | ___ |
   | Felony  | _X_ |

6. Has this case been previously filed in this District Court? (Yes or No)   **No**
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   **Yes**
   If yes:
   Magistrate Case No.   10-03695-MJ-WCT
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of   December 20, 2010
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)   **No**

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes   _X_ No

*[signature]*
MARLENE RODRIGUEZ
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0120057

*Penalty Sheet(s) attached

REV.4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: JORGE VELASQUEZ

Case No: _____

Count #:1

Conspiracy to Sex Traffic and Transport Persons Across State Lines for Purpose of Prostitution

Title 18, United States Code, Section 371

*Max. Penalty:   5 Years' Imprisonment

Count #:2

Sex Trafficking by Force, Fraud, and Coercion

Title 18, United States Code, Section 1591(a)(1), (b)(1)

*Max. Penalty:   Life Imprisonment

Count #:5

Transporting individual across state lines for prostitution

Title 18, United States Code, Section 2421

*Max. Penalty:   10 Years' Imprisonment

**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **ISRAEL CORTES-MORALES**

Case No: _____

Count #:1

Conspiracy to Sex Traffic and Transport Persons Across State Lines for Purpose of Prostitution

Title 18, United States Code, Section 371

*Max. Penalty:   5 Years' Imprisonment

Count #:3

Sex Trafficking by Force, Fraud, and Coercion

Title 18, United States Code, Section 1591(a)(1), (b)(1)

*Max. Penalty:   Life Imprisonment

Count #:

_____

_____

*Max. Penalty:

**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ERNESTO CORTES-CASTRO

**Case No:** _____

Count #:1

Conspiracy to Sex Traffic and Transport Persons Across State Lines for Purpose of Prostitution

Title 18, United States Code, Section 371

**\*Max. Penalty:** 5 Years' Imprisonment

Count #:4

Sex Trafficking by Force, Fraud, and Coercion

Title 18, United States Code, Section 1591(a)(1), (b)(1)

**\*Max. Penalty:** Life Imprisonment

Count #:

**\*Max. Penalty:**


**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: ALBERTO CORTES-CASTRO

Case No: _____

Count #:1

Conspiracy to Sex Traffic and Transport Persons Across State Lines for Purpose of Prostitution

Title 18, United States Code, Section 371

*Max. Penalty:    5 Years' Imprisonment

Count #:4

Sex Trafficking by Force, Fraud, and Coercion

Title 18, United States Code, Section 1591(a)(1), (b)(1)

*Max. Penalty:    Life Imprisonment

Count #:

_____

_____

*Max. Penalty:

**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**